IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMON CERVANTES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1802-C (BH) |
| ) | |
| DALLAS COUNTY CIU UNIT, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on August 16, 2022 (doc. 4), should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

## I.  BACKGROUND

On August 16, 2022, the *pro se* plaintiff filed this civil action arising from his criminal conviction in 1976, and he sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.)  By *Notice of Deficiency and Order* dated August 18, 2022, he was notified that his complaint did not comply with the requirement in Fed. R. Civ. 8(a) of a short and plain statement of his claims, and that his IFP application did not provide enough information because it had not been fully completed. (*See* doc. 5.) He was ordered to file an amended complaint that complied with Rule 8(a) and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen days, and he was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

On August 22, 2022, the plaintiff filed an addendum, and he filed an amended complaint on August 29, 2022, but he did not file a completed IFP application. (*See* docs. 6, 7.) By *Second Notice of Deficiency and Order* dated September 26, 2022, he was again ordered to submit a fully completed and signed IFP application within fourteen days. (*See* doc. 8.) The order specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

More than fourteen days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed a fully completed IFP application or anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, despite several opportunities, the plaintiff has not submitted a fully completed IFP application as ordered. He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his application to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

2

*sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with orders to submit a fully completed IFP application despite warnings that failure to do so could result in dismissal of the case. He has not filed anything else in the case since August 29, 2022. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

### IV.  RECOMMENDATION

The plaintiff's IFP application should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 18th day of November, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*signature*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE