**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RAYMON CERVANTES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:22-CV-1802-C (BH) |
| | ) |
| DALLAS COUNTY CIU UNIT, et al., | ) |
| | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the claims against all defendants except the Dallas County CIU Unit should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving them within 90 days.

**I. BACKGROUND**

On August 16, 2022, the *pro se* plaintiff filed this civil action arising from his criminal conviction in 1976, and sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated August 18, 2022, he was notified that his complaint did not comply with the requirement in Fed. R. Civ. 8(a) of a short and plain statement of his claims, and that his IFP application did not provide enough information because it had not been fully completed. (*See* doc. 5.) He was ordered to file an amended complaint that complied with Rule 8(a) and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen days, and he was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

On August 22, 2022, the plaintiff filed an addendum, and he filed an amended complaint on

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

August 29, 2022, but he did not file a completed IFP application. (*See* docs. 6, 7.) By *Second Notice of Deficiency and Order* dated September 26, 2022, he was again ordered to submit a fully completed and signed IFP application within fourteen days. (*See* doc. 8.) The order specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) Because he did not timely respond, on November 18, 2022, it was recommended that this action be dismissed for failure to prosecute or follow court orders. (*See* doc. 9.) Over the plaintiff's objection, the recommendation was accepted, and a judgment dismissing the action was entered on December 5, 2022. (*See* docs. 10, 11, 12.) On that same day, the plaintiff paid the filing fee; the recommendation, the order accepting, and the judgment were subsequently vacated. (*See* docs. 13, 14.)

By order dated December 7, 2022, the plaintiff was expressly advised of his duty to timely serve the defendants:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires Plaintiffs to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiffs do not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 14.) The order also directed the Clerk of Court, to the extent she had not already done so, to mail the plaintiff summonses and a copy of Rule 4 of the Federal Rules of Civil Procedure. (*Id.*)

On December 21, 2022, January 13, 2023, and February 21, 2023, the plaintiff filed objections to the dismissal of his case and additional attachments to his complaint. (*See* docs. 15, 16, 17.)

By order dated February 28, 2023, the plaintiff was directed to either file a valid return of service, or show cause in writing why service could not be made on the defendants, no later than March 14, 2023. (*See* doc. 18.) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) On March 3, 2023, he filed a copy of a receipt for a payment to the United States Marshals Service for service, and on March 14, 2023, he filed a return of service showing service only on one defendant, the Dallas County CIU Unit, through an individual allegedly authorized to accept service on its behalf, but who was not named as an individual defendant.  (*See* docs. 19, 20, 22.)  As of this date, the plaintiff has not filed a valid return of service for any defendant other than the Dallas County CIU Unit or shown cause in writing for his failure to personally serve the other defendants.  Nor has he filed anything else.

## II.  RULE 4(m)

Because he paid the filing fee, the plaintiff was responsible for serving the defendants with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan*

3

*v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since the plaintiff filed this action, but he has not accomplished service on any defendants except the Dallas County CIU Unit despite the order to file a valid return of service or show cause in writing as to why service could not be made on the defendants. He has not filed a valid return of service as to any defendants except the Dallas County CIU Unit, or anything else, so he has not met his burden to show cause for his failure to properly serve those defendants. He has not shown anything that supports the exercise of discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of

4

the action against the defendants other than the Dallas County CIU Unit is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III. RECOMMENDATION

The claims against all defendants except the Dallas County CIU Unit should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving them within 90 days, and judgment should be entered unless the plaintiff files a valid proof of service for those defendants within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 26th day of May, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                      */s/ Irma Carrillo Ramirez*
                                                                      IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE