IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMON CERVANTES, JR., | ) |
|        Plaintiff, | ) |
| vs. | ) No. 3:22-CV-1802-C (BH) |
| DALLAS COUNTY CIU UNIT, et al., | ) |
|        Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the remaining claims against the Dallas County CIU Unit should *sua sponte* be **DISMISSED** with prejudice for failure to state claim.

## I. BACKGROUND

In this civil rights action arising from his criminal conviction in 1976, the *pro se* plaintiff sues the Conviction Integrity Unit (CIU) of the Dallas District Attorney's Office, an attorney with that unit, the prosecutor, his defense attorney, and the Dallas County Criminal Court System. (*See* doc. 3 at 1-2; doc. 3-1 at 12-; doc. 7 at 3, 6-8, 10-20.)[2] He claims that as a result of a conspiracy to get him, a "Mexican out of an all white neighborhood," he was illegally arrested, indicted convicted and incarcerated in violation of his constitutional rights. (*See* doc. 3 at 2; doc. 3-1 at 12, 13-28, 30-32, 47-49; doc. 3-3 at 7-12.) Plaintiff sought assistance in obtaining exoneration from the CIU, but was denied because "all records were destroyed." (*See* doc. 3-1 at 26; doc. 3-2 at 54-58; doc. 7 at 21-22.) He seeks to be exonerated and $10,000,000 in damages. (*See* doc. 3-1 at 10, 20, 26, 30, 32; doc. 3-3 at 14; doc. 7 at 4.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

## II. *SUA SPONTE* DISMISSAL

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The fourteen-day time frame for filing objections to the recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

## III. SECTION 1983

Plaintiff sues CIU under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A plaintiff may not bring a civil rights action against a servient political agency or

2

department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The CIU of the Dallas County District Attorney's Office is not a jural entity that may be sued. *See Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity); *Dixson v. Dallas County Sheriff's Office*, No. 13-CV-4198-M, 2013 WL 6188225, *1 (N.D. Tex. Nov. 26, 2013) (finding that the Dallas County District Attorney's Office did not have a separate legal existence for purposes of suit); *Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb.17, 2009)) (finding that the Dallas County District Attorney's Office is not a jural entity); *Smithback v. Texas*, No. 3:07-CV-0288-M, 2007 WL 1518971, at *13 (N.D. Tex. May 24, 2007) (same); *Stephens v. Dist. Atty. of Dallas Cnty.*, No. 3:04-CV-l700-M, 2004 WL 1857085, at *3 (N.D. Tex. Aug. 19, 2004) (same), *recommendation accepted*, 2004 WL 1969403 (N.D. Tex. Sept. 7, 2004); *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002) (same). Plaintiff's claims against the CIU are subject to dismissal on this basis.

### IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their

complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Because Plaintiff has already amended his complaint once, and he seeks relief against non-jural entities, individual defendants protected by prosecutorial immunity, and non-state actors, mostly based on events occurring in 1976, he has pleaded his best case. Leave to amend is not warranted.

## V.  RECOMMENDATION

The plaintiff's claims against the Dallas County CIU Unit should *sua sponte* be **DISMISSED** with prejudice for failure to state a claim.

**SO RECOMMENDED on this 5th day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE