IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMON CERVANTES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:22-CV-1802-S (BH) |
| | ) |
| DALLAS COUNTY CIU UNIT, et al., | ) |
| | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, to the extent it seeks post-judgment relief in this court, the *Plaintiffs' Writ of Mandamus ...*, filed August 21, 2023 (doc. 38), should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

## I.  BACKGROUND

In this civil rights action arising from his criminal conviction in 1976, the *pro se* plaintiff sued the Conviction Integrity Unit (CIU) of the Dallas District Attorney's Office, an attorney with that unit, the prosecutor, his defense attorney, and the Dallas County Criminal Court System. (*See* doc. 3 at 1-2; doc. 3-1 at 12-; doc. 7 at 3, 6-8, 10-20.)[2] He claims that as a result of a conspiracy to get him, a "Mexican out of an all white neighborhood," he was illegally arrested, indicted convicted and incarcerated in violation of his constitutional rights. (*See* doc. 3 at 2; doc. 3-1 at 12, 13-28, 30-32, 47-49; doc. 3-3 at 7-12.) The plaintiff sought assistance in obtaining exoneration from the CIU, but it declined his case because "all records were destroyed." (*See* doc. 3-1 at 26; doc. 3-2 at 54-58; doc. 7 at 21-22.) By his lawsuit, he sought to be exonerated and $10,000,000 in damages. (*See* doc.

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

3-1 at 10, 20, 26, 30, 32; doc. 3-3 at 14; doc. 7 at 4.) By partial judgment dated August 18, 2023, his claims against all defendants except the CIU were dismissed without prejudice *sua sponte* under Fed. R. Civ. P. 4(m) for failure to timely serve them. (*See* docs. 23, 34, 35.) By final judgment also dated August 18, 2023, his claims against the CIU were dismissed with prejudice *sua sponte* for failure to state a claim because it is a non-jural entity. (*See* docs. 25, 36, 37.)

On August 21, 2023, the plaintiff filed what he titled as a "writ of mandamus" in this court, challenging "wrongful conclusions" to disavow his briefs filed to overturn his illegal conviction and seeking transfer of this case to "the criminal court section" of the court, where it should have been handled in the first place. (*See* doc. 38.)

## II. RULE 59(e)

Because the plaintiff's filing appears to challenges the judgments in this case, and was filed within 28 days of their entry, it is properly construed as arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal

2

theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the plaintiff's assertions that his case should not have been dismissed because it has merit and that it should have been handled in this court's criminal section, which this court does not have, essentially re-urge and again seek review of the same arguments which he made in his objections to the recommended dismissal, and which have been rejected. Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). The plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. He has provided insufficient grounds to justify relief under Rule 59(e).

### III. RECOMMENDATION

To the extent that it seeks post-judgment relief in this court, the *pro se* plaintiff's filing should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

3

**SO RECOMMENDED on this 25th day of August, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4