IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMON CERVANTES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1802-C (BH) |
| ) | |
| DALLAS COUNTY CIU UNIT, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's request to recuse the assigned U.S. Magistrate Judge, filed on August 31, 2023 (*see* doc. 41), is **DENIED**.

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "As the goal of § 455(a) 'is to exact the appearance of impartiality,' recusal may be mandated even though no actual partiality exists." *United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998) (quoting *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983)). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

Here, although the plaintiff alleges bias, he relies only on the alleged merit of his claims and speculation. He does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge. The motion appears to be based on adverse rulings. As noted, adverse rulings do not render a judge biased. Moreover, the assigned district judge has retained the ultimate decision-making authority for this case despite the referral to a magistrate judge for case management. The recommendations for dismissal of the plaintiff's claims contain a notice of right to appeal and object, he has filed his objections to the recommendations, and the objections have been addressed by the assigned district judge.

Because it presents no valid grounds for recusal, the motion for recusal is denied.

**SO ORDERED this 5th day of September, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE